IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE 77, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 12-CV-268-MJR-DGW |
| MASSAC UNIT SCHOOL DISTRICT #1, ) | |
| WILLIAM HATFIELD, ) | |
| DONALD SMITH, ) | |
| REUBEN BREMMER, and ) | |
| DARRYL BENTSON, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**REAGAN, District Judge:**

Plaintiff Jane Doe 77 filed suit on March 27, 2012, alleging that in 1985, while attending Franklin Elementary School in Massac County, Illinois, she was physically, emotionally and sexually abused by Defendant Darryl Bentson, an employee at the school. Plaintiff is now before the Court seeking a protective order permitting her to litigate this action using a pseudonym (Doc. 31). Plaintiff contends that prosecution of this action under a pseudonym is warranted by her current emotional condition and the nature of the claims asserted, which involve allegations of sexual abuse of a minor and threats of physical abuse and retribution (Doc. 32). Defendants object, asserting that Plaintiff has not presented a sufficient basis for a protective order; in the alternative, Defendants contend the proposed protective order is overly broad and imposes an undue burden on Defendants (Doc. 38).

As a general matter, litigating under a pseudonym is antithetical to our public judicial system; therefore, the presumption that a party's name is public information must be rebutted by showing that the harm of identification outweighs the harm of anonymity. *Doe v.*

*City of Chicago*, 360 F.3d 667, 669-670 (7th Cir. 2004). However, a pseudonym may be used when necessary to protect the privacy of rape victims and other particularly vulnerable parties. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). However, in a situation such as this, it is the alleged perpetrator of the abuse who will be disgraced if the allegations turn out to be unsubstantiated. *See Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005). Defendants further complain that the media learned of this action even before they were all served with the complaint.

The Complaint alleges incidents of sexual touching (including digital penetration of Plaintiff's vagina), Plaintiff being thrown to the ground resulting in an injury, name-calling, and threats that, if Plaintiff told anyone about the abuse, she and/or her mother would be killed (s*ee* Doc. 5, p. 3 ¶ 15). Plaintiff cites the deeply personal and humiliating nature of the allegations, fear of retaliation, and her psychological health. According to Plaintiff's psychologist, Plaintiff assumes a child-like demeanor when discussing the abuse, and she is still unable to speak the abuser's name. Plaintiff lives in a small town and fears the public learning what happened to her, and she has purportedly been unable to live an independent life since the abuse. Plaintiff also fears retaliation by Defendant Bentson, as well as his family and friends. A psychologist's report substantiates Plaintiff's fragile mental state and indicates that repressed memories first emerged after she saw Defendant Bentson in 2010, and that memories of the abuse continue to emerge (Doc. 32-1).

Based solely on her psychiatric state and the added pressure public revelation of her name would entail, Plaintiff has certainly made a compelling and substantiated case for allowing her to proceed-- at least through the discovery phase of this action-- using a pseudonym. Defendants' assertions to the contrary, the Court's reading of the psychologist's

report does contain a sufficient causal link between psychological trauma and mere visual encounters with Defendant Bentson (*see* Doc. 32-1, p. 3).  Although 27 years have passed since the abuse and threatened retribution, it is the act of making public the allegations of abuse that would trigger retribution, if the alleged threats were legitimate.  Although so much time passing would normally dilute the threats, it is alleged that Defendant Bentson physically injured Plaintiff, so the threats are not entirely discounted.

With all that said, the prejudice to the Defendants must also be weighed.  There is no denying that when allegations of abuse are made and later turn out to be unsubstantiated, it is the wrongly labeled defendant who is prejudiced.  However, Defendant Bentson has not sought his own protective order, and it was the Court, not the Defendants, who questioned Plaintiff proceeding as Jane Doe 77.  Nevertheless, Defendants correctly observe that the proposed protective order is overly broad and prejudicial to their ability to conduct discovery and prepare a defense, while giving Plaintiff free rein to reveal her identity whenever and to whomever she chooses.  In addition, Plaintiff impermissibly proposes that this Court attempt to bind the Court of Appeals, which must make its own decision regarding what protection is appropriate on appeal.  As Defendants acknowledge, a protective order can be fashioned that addresses these concerns, and comply with Federal Rule of Civil Procedure 26(c) and the dictates of *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999), and *Union Oil Company of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000).

For the reasons stated, the Court finds that Plaintiff has carried her burden and shown that the harm of identifying her outweighs the harm of anonymity.  The Defendants' concerns and the ability to conduct discovery can be adequately protected by a narrowly drawn protective order.  *See Doe v. Maywood Housing Authority*, 71 F.3d 12941297 (7th Cir. 1995) (a

properly tailored protective order allowing pseudonyms was appropriate in a case involving quid pro quo sexual favors).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for entry of a protective order allowing her to proceed using a pseudonym (Doc. 31) is **GRANTED**, in that Plaintiff may proceed through the pretrial stage of litigation using the pseudonym Jane Doe 77.  At the final pretrial conference, the Court will assess whether it is appropriate for Plaintiff to proceed through trial using a pseudonym.  If other alleged victims of abuse are discovered, the parties shall immediately notify the Court and move for a judicial determination of whether their identities should also be kept confidential.

**IT IS FURTHER ORDERED** that the task of fashioning a protective order is hereby **REFERRED** to United States Magistrate Judge Donald G. Wilkerson, who bears responsibility for all discovery matters in this case.

**IT IS FURTHER ORDERED** that within seven days from the date of this Order, Plaintiff shall file under seal her true identity so that the Court and all attorneys may assess any conflicts of interest.

**IT IS SO ORDERED.**

DATED:  May 10, 2012

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**