IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANE DOE 77, | ) |
| | ) |
|       Plaintiff, | ) |
|   v. | ) Cause No. 3:12-cv-00268-SCW |
| | ) |
| MASSAC UNIT SCHOOL DISTRICT #1, | ) |
| a corporation, WILLIAM HATFIELD, | ) |
| DONALD SMITH, REUBEN BREMER, | ) |
| and DARRYL BENSON, | ) |
| | ) |
|       Defendants. | ) |

**RESPONSE TO PLAINTIFF'S MOTION TO QUASH AND OBJECTIONS TO UNTIMELY AND IMPROPER SUBPOENA SERVED ON IRRELEVANT NON-PARTY**

NOW COME the Defendants Massac Unit School District No. 1, William Hatfield, Donald Smith, and Reuben Bremer, and for their Response to Plaintiff's Motion to Quash and Objections to Untimely and Improper Subpoena Served on Irrelevant Non-Party states as follows:

On March 29, 2013, the Defendants caused a subpoena to be served on the Survivor's Network of Those Abused by Priests or SNAP regarding information SNAP has relative to Jane Doe 77's claims. Specifically, the Defendants have asked for any communications that SNAP has had with Plaintiff's legal counsel or designated expert witness, Dr. Stephen Peterson. (Doc. 146, Exhibit A). Plaintiff's Counsel, and not SNAP, has asked that this Court quash the subpoena.

In the pending matter, a party has asked to quash a subpoena issued to a third-party. A party only has standing to challenge a subpoena *duces tecum* issued to a third party if the documents sought contain privileged materials, trade secrets, confidential information, or commercial information. *See, Elm Energy and Recycling v. Basic*, 1996 U.S. Dist. LEXIS 15255, *19 (N.Dist. IL 1996); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997).

1

This is even further limited to matters in which the party has a direct and immediate interest in the protection of the information. *Hertenstein v. Kimberly Home Health Care, Inc.,* 189 F.R.D. 620, 635 (D. Kan. 1999). The party requesting that a subpoena be quashed has a heavy burden. To do so, the party requesting that the subpoena be quashed must show that the subpoena is "unreasonable or oppressive." *Elm Energy* at *19 – 20. To determine if a subpoena is unreasonable or oppressive, general discovery standards apply. In other words, the test is to determine whether the evidence may provide or lead to evidence admissible at trial. *Id.* at * 27 – 28.

In the pending matter the Defendants asked that SNAP produce records related to Jane Doe 77, the Plaintiff in this matter. SNAP becomes a party that may have information related to Jane Doe 77. Specifically, around January 10, 2013, SNAP issued a press release to the local media regarding the Jane Doe 77 matter. A copy of the press release is attached hereto and incorporated herein by reference as **Exhibit A.** At some time, it is apparent that SNAP received communication about the pending Jane Doe 77 matter. The source of the information or subject matter disclosed is unknown and part of the subject of the instant subpoena *duces tecum*. Because the information requested relates to Jane Doe 77, the Defendants are merely attempting to determine any correspondence or communication that may be admissible or lead to admissible evidence.

Further, the Defendants are attempting to determine a connection between Dr. Stephen Peterson, the forensic psychiatrist disclosed as an expert witness by the Plaintiff, and the organization SNAP. In Dr. Peterson's deposition on April 22, 2013, he acknowledged that he receives a number of his referrals from the law firm of Chackes, Carlson & Halquist, LLP.[1] The

---

[1] Because of the statements made during Dr. Peterson's deposition, Plaintiff's argument that this request is past the discovery cut-off date is without merit.

2

IDL0026741

law firm of Chackes, Carlson & Halquist, LLP is frequently mentioned on SNAP's website. Further Defendants reasonably believe the law firm of Chackes, Carlson & Halquist, LLP receives frequent referrals from SNAP. Many of those referrals are priest abuse cases involving the Catholic Diocese. Based on this information the Defendants reasonably believe that information to be produced by SNAP is relevant and meets the broad discovery standard imposed by the courts.

Finally, the Plaintiff alleges that the documents requested would disclose information about rape victims. The Defendants are not attempting to seek disclosure about rape victims that may have sought assistance through SNAP.[2] Rather, the Defendants are merely seeking information about Jane Doe 77. She cannot now hide behind rape counseling as a shield to the disclosure of this information.

Based on the foregoing, the Plaintiff lacks standing to challenge the subpoena *duces tecum* issued to SNAP on March 29, 2013. Further, it is highly relevant and probative in this matter to inquire about any statements made, or any connection between the Plaintiff, her counsel or Dr. Peterson with SNAP. The Defendants ask that this Court deny the Plaintiff's Motion to Quash.

---

[2] In her Motion, the Plaintiff references Section 455.003 of the Missouri Revised Statutes. §45.003 RSMo. Interestingly, Plaintiff interprets this statute quite broadly and argues that the communications are protected. In this instance, the Plaintiff has waived any privilege by the filing of the instant law suit. Further, Plaintiff bears the burden and has provided no authority supporting such an argument.

IDL0026741

Respectfully submitted,

**TUETH, KEENEY, COOPER, MOHAN & JACKSTADT, P.C.**

By:   s/Merry C. Rhoades
Merry C. Rhoades, #6192801
101 West Vandalia, Suite 210
Edwardsville, Illinois 62025
(618) 692-4120
(618) 692-4122 (facsimile)
mrhoades@tuethkeeney.com

*Attorneys for Massac Unit District No. 1, William Hatfield, Don Smith, Rueben Bremer*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following on the 24th day of April, 2013 via the Court's Electronic Filing System:

Kenneth M. Chackes
Nicole E. Gorovsky
Chackes, Carlson & Halquist, LLP
906 Olive Street, Suite 200
St. Louis, MO 63101
kchackes@cch-law.com
ngorovsky@cch-law.com

Mark S. Johnson
Johnson & Schneider, L.L.C.
212 North Main Street
Cape Girardeau, MO 63701
lindsay@jsslawfirm.com

By:   s/Merry C. Rhoades

4

IDL0026741