IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JANE DOE 77,

      Plaintiff,

vs.

MASSAC UNIT SCHOOL DISTRICT #1, a
corporation, WILLIAM HATFIELD,
DONALD SMITH, REUBEN BREMER,
and DARRYL BENTSON,

      Defendants.

Case No.   12-cv-268-SCW

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is a Motion to Quash Subpoena filed by non-parties Survivor's Network of those Abused by Priests (hereinafter "SNAP") and Barbara Dorris (Doc. 172). Specifically, non-parties SNAP and Dorris seek to quash the subpoena this Court directed them to respond to (See Doc. 168) and argues that their documents are protected by privilege. Defendants Massac Unit School District #1, William Hatfield, Donald Smith, and Reuben Bremer have filed a Response to the motion (Doc. 175). The Court held a hearing on the motion on June 25, 2013. The following memorializes the Court's findings and ruling at that hearing.

SNAP seeks to quash the subpoena issued against it because, they argue, their communications with Plaintiff's counsel are protected by privilege. SNAP informed the Court that it never communicated with Plaintiff directly and has no communications with Dr. Peterson that are related to this case. **Federal Rule of Evidence 501** provides that federal common law governs claims of privilege unless the case before the Court is one involving state claims, in which case, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Here, the Court has both federal claims, in the form of claims under Title IX and § 1983, and state law

claims before it.

Illinois provides a privilege for rape crisis groups. Specifically, Illinois statute provides for a privilege of any confidential communications between victim and rape crisis personnel. **735 ILCS 5/8-802/1.** Communications include any communication between a victim and a rape crisis counselor made "in the course of providing information, counseling, and advocacy." **735 ILCS 5/8-802.1(b)(4).** Thus, the Court finds that Illinois provides a privilege for communications between counselors at SNAP and victims.

While state law may provide a privilege, the Court also has federal claims before it. Under federal common law related to privilege, the Supreme Court has recognized a federal privilege protecting confidential communications between a psychotherapist and a patient during the course of treatment. *Jaffee v. Redmond*, **518 U.S. 1, 14-15, 116 S.Ct. 1923 (1996).** The Supreme Court recognized such a privilege, in part, because the vast majority of the states had adopted a psychotherapist privilege. *Id.* Although not dealing with a psychotherapist in this case, SNAP is a rape crisis group and the Court notes that a number of states have provided a privilege to such groups. As noted, Illinois also provides a privilege to rape crisis groups. Given the consensus among the states providing a privilege for rape crisis groups and considering the factors in *Jaffee*, the Court is inclined to recognize a federal common law privilege for rape crisis groups.

Although the Court recognizes both a privilege for rape crisis groups under Illinois law and federal common law, there is much dispute among the parties and SNAP as to whether communications between Plaintiff's counsel and SNAP fall under the rape crisis group privilege. As such, the Court finds that the only way to determine whether specific documents are protected under the privilege is to conduct an in-camera review of the documents. Accordingly, the Court **DENIES** SNAP's motion to quash (Doc. 172) and **DIRECTS** SNAP to provide the Court with only those documents related to Jane Doe 77 for in-camera review. SNAP has until close of business on **Friday,**

**June 28, 2013** in which to provide the documents to the Court.

    **IT IS SO ORDERED**.
    DATED: June 26, 2013.

                                                  */s/ Stephen C. Williams*
                                                STEPHEN C. WILLIAMS
                                                United States Magistrate Judge